IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.T.N. INDUSTRIES, INC., a Florida corporation, JIAFANG STEEL PIPES AMERICAS, INC., a Texas corporation, and JOSEPH BENOUDIZ, an individual, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: _____ |
| MAURICIO GROSS a/k/a MAURICIO GROSS DRACH, an individual, CLARA GROSS a/k/a CLARA SCHWARTZ, an individual, VOLANSS SYSTEMS CO., LIMITED, a Hong Kong private company, BUSINESS MANAGEMENT SERVICES INT. LLC, a Texas limited liability company, SHUMIN XU a/k/a MINA XU, an individual, SEANWAY PIPE LLC, a Texas limited liability company, JIUYI TRADING CO., LIMITED, a Hong Kong company, SHENG MIN PIPE LIMITED, a Hong Kong private company, SHUTIEN (DAVID) JIN, an individual, and GULF MARITIME CO., LIMITED, a Hong Kong private company, | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**TEMPORARY RESTRAINING ORDER**

Before the Court is the Motion for (1) an Ex Parte Temporary Restraining Order; (2) Limited, Expedited Discovery; and (3) an Order to Show Cause Why a Preliminary Injunction Should Not Be Entered (the "Motion"), ECF No. __, filed by Plaintiffs A.T.N. Industries, Inc. ("ATN"), Jiafang Steel Pipes Americas, Inc. ("Jiafang Americas"), and Joseph Benoudiz (collectively, "Plaintiffs"). For the reasons set forth below, the Court GRANTS the Motion.

**I.      BACKGROUND**

  **A.      Plaintiffs' Allegations**

  In this action, Plaintiffs, who are international suppliers of equipment and machinery to companies in various industries, allege that their former employee or agent, Defendant Mauricio Gross a/k/a Mauricio Gross Drach ("Gross"), spearheaded a massive scheme that defrauded Plaintiffs out of millions of dollars from 2008 through July 2014, when Gross's employment or agency with Plaintiffs ended. According to Plaintiffs, the scheme's basic structure was as follows: using his position as a sales liaison between Plaintiffs' suppliers and their largely South American customers, Gross—aided by his wife, Defendant Clara Gross a/k/a Clara Schwartz ("Clara Gross"), Defendant Shumin Xu a/k/a Mina Xu ("Xu"), Defendant Shutien (David) Jin ("Jin"), and non-party Eduardo A. Medrano ("Medrano"), Plaintiff Jiafang Americas' tax preparer—would misrepresent to Plaintiffs that money was owed to certain of Plaintiffs' suppliers, would set up Defendant-controlled bank accounts in those suppliers' names, and would cause Plaintiffs to wire money to those bank accounts. *See* Compl. ¶¶, ECF No. 1. Plaintiffs allege that Gross and Defendants made it appear as though money was being paid to Plaintiffs' suppliers when it was actually going to Gross or to Defendant non-operational paper companies. Plaintiffs further allege that Gross committed invoicing fraud while working for Plaintiffs, whereby he would overcharge Plaintiffs significantly higher prices for the products that Plaintiffs were procuring for its customers, and would remit the overcharges to himself and to Defendants.

  Based on these core allegations, Plaintiffs have brought an eleven-count complaint against Defendants for violations of the Racketeer Influenced & Corrupt Organization Act, 18

U.S.C. § 1961 *et seq*. ("RICO") and for violations of various state-law claims including chiefly in fraud and breach of fiduciary duty. *See id.* pp. 29–39.

### B. The Motion

In connection with the Complaint, Plaintiffs have filed the Motion. By the Motion, Plaintiffs, in accordance with Federal Rule of Civil Procedure 65, seek a temporary restraining order, leave to take limited, expedited discovery, and an order to show cause why a preliminary injunction should not be entered enjoining Gross, Clara Gross, Defendant Volanss Systems Co., Limited ("Volanss"), and Defendant Business Management Services Int. LLC ("BMSI") (collectively, the "Gross Defendants"), and each of their officers, agents, servants, employees, and attorneys—and all other persons who are in active concert or participation with these persons or entities—from transferring or otherwise dissipating any of money that Plaintiffs allege that Gross defrauded from Plaintiffs from 2008 through 2014.

Submitted with the Motion are the declaration of Nancy Mayea, ATN's manager, which declaration includes exhibits, and the declaration of George Mencio, Plaintiffs' lawyer.

On _____ ___, 2014, the Court held a hearing on the Motion.

## II. LEGAL STANDARD

To obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish four elements:

> (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury out-weighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 768 (5th Cir. 2007) (alterations omitted) (internal quotation marks omitted); *accord Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)

("The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.").

The Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if" "specific facts in an affidavit … clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). A temporary restraining order "should be limited to preserving the status quo only as long as necessary to hold a preliminary injunction hearing." *Rio Bravo Produce, Ltd. v. Superior Tomato-Avocado, Ltd.*, 2011 WL 6938450, at *2 (W.D. Tex. Dec. 30, 2011).

### III. ANALYSIS

The Court concludes that Plaintiffs have satisfied each of these requirements.

First, Plaintiffs have shown a substantial likelihood that they will prevail on the merits. Based on the allegations in the complaint, as well as the declarations and exhibits submitted with the Motion, Plaintiffs have shown that there is a substantial likelihood that they will prevail, at a minimum, on their claims brought under RICO and under state law for fraud and breach of fiduciary duty. Plaintiffs have therefore satisfied this element, which requires only that Plaintiffs "present a *prima facie* case, but not demonstrate that [Plaintiffs are] certain to win." *Allied Home Mortg. Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011); 11A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2948.3 (3d ed. April 2014) ("All courts agree that plaintiff must present a prima face case but need not show a certainty of winning." (footnote omitted)).

Second, Plaintiffs have shown that there is a substantial threat that they will suffer irreparable injury if the temporary restraining order is not granted. Indeed, as required by Federal Rule of Civil Procedure 65(b)(2), Plaintiffs have clearly shown that immediate and irreparable injury, loss, or damage will result to Plaintiffs before the Gross Defendants can be heard in opposition. First, Plaintiffs allege and the evidence shows that the Gross Defendants have significant international ties. Gross is a Venezuelan citizen. Defendants Jin and Xu are Chinese nationals and are believed to be living in Canada. And many of the Defendant companies—including Volanss, Jiuyi Trading, Sheng Min Pipe, and Gulf Maritime—are Hong Kong companies. The Gross Defendants' international character creates a heightened risk that they would evade the Court's jurisdiction or not comply with its orders. Second, Plaintiffs allege and the evidence shows that the Gross Defendants are sophisticated in their ability in using the wires to transfer large amounts of money internationally. Thus, the Gross Defendants could do so again if they were notified before a temporary restraining order is entered. Last, if the Gross Defendants were to transfer or dissipate any of the alleged stolen money, then any judgment that may be entered against them would be frustrated, because the evidence shows that the Gross Defendants would likely not be able to satisfy it.

Third, Plaintiffs have shown that the threatened injury outweighs the threatened harm to the Gross Defendants. If the Gross Defendants were to transfer or dissipate the money they allegedly stole from Plaintiffs, Plaintiffs could effectively be left without a remedy. Conversely, maintaining the status quo pending the resolution of this action would not harm the Gross Defendants, because the money sought to be frozen is traceable entirely to the scheme, and Plaintiffs do not seek to freeze money sufficient for reasonable living expenses for Gross and his family. This factor thus weighs in favor of Plaintiffs.

Fourth, Plaintiffs have shown that granting a temporary restraining order will not disserve the public, which has an interest in discouraging unlawful conduct.

Further, the Court further finds that Plaintiffs need not give any security at this time. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("In holding that the amount of security required pursuant to Rule 65(c) is a matter for the discretion of the trial court, we have ruled that the court may elect to require no security at all." (footnote omitted) (internal quotation marks omitted)). The Court bases this finding on the fact that Plaintiffs seek to enjoin the transfer or dissipation of only the money that the Gross Defendants allegedly defrauded from Plaintiffs, and that this temporary restraining order will allow Gross and Clara Gross access to a sufficient amount of money for reasonable living expenses.

Last, the Court finds that Plaintiffs have shown good cause to take limited, expedited discovery solely for the purpose of identifying the location of the alleged stolen money. This information will also inform Plaintiffs whether additional actions should be brought and, if so, where. *See St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) ("[C]ourts have granted expedited discovery requests when there is some showing of irreparable harm that can be addressed by limited, expedited discovery." (collecting decisions)).

## IV.   CONCLUSION

For the reasons set forth above, it is ORDERED AND ADJUDGED as follows:

1. The Motion, ECF No. __, is GRANTED.

2. The Gross Defendants, and each of their officers, agents, servants, employees, and attorneys—and all other persons who are in active concert or participation with these persons or entities—are temporarily restrained and enjoined from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending,

withdrawing, granting a lien, security interest, or other interest in, or otherwise disposing of, any funds, wherever located, that are (a) owned, controlled, held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Gross Defendant; (b) in the actual or constructive possession of any Gross Defendant; or (c) in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Gross Defendant (collectively, the "Frozen Funds"). Notwithstanding the temporary restraint and injunction provided for by this paragraph, only Gross and Clara Gross may access, transfer, withdraw, or spend any of the Frozen Funds in a total amount not to exceed US$7,400 per month, which total amount is designed to provide for reasonable living expenses for Gross and Clara Gross. Nothing in this temporary restraining order forbids any of the Gross Defendants from seeking relief from or modification of this temporary restraining order.

3. Copies of this temporary restraining order may be served by any means.

4. In accordance with Federal Rule of Civil Procedure 65(b), the Gross Defendants must appear before this Court, Courtroom _____, 515 Rusk Avenue, Houston, Texas 77002, on _____, _____, 2014, at _____ a.m./p.m., to show cause why the Court should not enter a preliminary injunction, pending final ruling on the complaint, enjoining the Gross Defendants from transferring or dissipating any of the Frozen Funds.

5. At any time after the entry of this temporary restraining order, Plaintiffs, in accordance with the Federal Rules of Civil Procedure, may (a) serve subpoenas on any bank or other financial institution of which Plaintiffs are or become aware at which any Defendant has a bank account and (b) depose non-party Eduardo A. Medrano and Medrano Administrative & Tax

Services, LLC. The scope of this discovery is limited to identifying the location of any money that is derived from, was made in connection with, or arose out of Gross's employment or agency with Plaintiffs.

6.      This temporary restraining order expires on October, ___, 2014 at ____ a.m./p.m., unless before that time the Court, for good cause shown, extends this temporary restraining order or unless, as to any of the Gross Defendants, the Gross Defendant consents to a longer extension.

IT IS SO ORDERED.

DATED _____, _____, 2014, at _____ a.m./p.m.

_____
UNITED STATES DISTRICT JUDGE

#32705944_v2